## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| June Gosar, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 12 C 340 |
| Stellar Recovery, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, June Gosar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, June Gosar ("Gosar"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed for a Household Finance account, which was then allegedly owed to a bad debt buyer, Defendant Stellar Recovery, Inc. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented

by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From offices in Montana and Florida, Defendant Stellar operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Stellar was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Stellar is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect itself and through other debt collectors.

6. Defendant Stellar is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Stellar conducts business in Illinois.

7. Defendant Stellar is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Stellar acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Ms. Gosar is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Household Finance account. At some point in time after that debt became delinquent, Defendant Stellar bought Ms.

Gosar's Household Finance account, and when Defendant began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

9. Accordingly, via a letter, dated January 31, 2011 and successfully faxed on February 2, 2011, one of Ms. Gosar's attorneys at LASPD informed Defendant, in writing, through its agent, that Ms. Gosar was represented by counsel, and directed Defendant to cease contacting her, and to cease all further collection activities because Ms. Gosar was forced, by her financial circumstances, to refuse to pay her unsecured debt.

10. Nonetheless, despite being advised that Ms. Gosar was represented by counsel and refused to pay the debt, Defendant, through its agent, directly called Ms. Gosar in an attempt to collect the Household Finance account.

11. Accordingly, on February 21, 2011, Ms. Gosar's attorneys at LASPD again informed Defendant in writing, through its agent, that it must cease collections and cease communications.

12. Undeterred, Defendant, via its agent, sent Ms. Gosar a collection letter dated, March 24, 2011, demanding payment of the Household Finance debt.

13. Accordingly, on March 27, 2011, Ms. Gosar's LASPD attorneys had to inform Defendant, through its agent, that it must cease collections and cease communications.

14. For these violations of her rights under the FDCPA, Ms. Gosar sued Defendant Stellar and its agent in a matter styled, <u>Gosar v. Stellar Recovery, et al.</u>, No.

11 C 2761 (N.D. Ill.). This case also provided notice to Defendant Stellar that Ms, Gosar was represented by counsel, had refused to pay the debt and that communications with her had to cease. This lawsuit was settled, and the case was dismissed on June 14, 2011.

15. Unbelievably, Defendant Stellar again began to call Ms. Gosar repeatedly to demand payment/attempt collection of the same Household Finance account, including, but not limited to, phone calls on January 12, 2012 (from phone number 216-952-9013), January 16, 2012 (from phone number 216-592-9015) and January 17, 2012 (from phone number 216-502-2334).

16. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Gosar's agent/attorney, LASPD, as well as the prior lawsuit, told Defendant to cease communications and to cease collections. By

4

continuing to communicate regarding collection of this debt, Defendant violated § 1692c(c) of the FDCPA.

21. Defendant Stellar's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendant knew, or readily could have known, that Ms. Gosar was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, and through the prior lawsuit, that Ms. Gosar was represented by counsel, and had demanded a cessation of communications with Ms. Gosar. By directly calling Ms. Gosar, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25. Defendant Stellar's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, June Gosar, prays that this Court:

    1.      Find that Defendant Stellar's debt collection actions violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff Gosar, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, June Gosar, demands trial by jury.

                                                June Gosar,

                                                By: /s/ David J. Philipps___
                                                One of Plaintiff's Attorneys

Dated:  January 17, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com